74 August 5, 2026 No. 749

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL THOMAS BERRY,
*Defendant-Appellant.*

Lane County Circuit Court
23CR61033; A189163

Erin A. Fennerty, Judge.

Submitted June 12, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Chris Perdue, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

EGAN, J.

Affirmed.

—————————
\* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**EGAN, J.**

Defendant appeals a judgment revoking probation and sentencing him to 24 months' imprisonment followed by two years of post-prison supervision. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.

In 2025, defendant pleaded guilty to first-degree theft. As part of a negotiated plea agreement, he stipulated to being sentenced under grid block 6B. The true grid block for his crime and criminal history was 3B, but the agreement also included a downward dispositional departure to 36-months' probation. Defendant stipulated that, should his probation be revoked, the parties would both recommend that the court impose a sentence of 24 months in prison and two years' post-prison supervision.

About seven months later, the state alleged four probation violations: failure to enter treatment court; failure to report as required; and new convictions in two separate cases. Defendant testified at the probation-violation hearing and admitted that he had committed new offenses and had failed to enter treatment court. The court found that defendant had committed three probation violations corresponding to those admissions and it found that the purposes of probation were not being, and could not be, served. The court revoked defendant's probation and imposed the parties' recommended sentence from the time of the plea agreement.

Having reviewed the record, including the trial court file, the transcript of the hearings, and the *Balfour* brief, and taking into account our statutorily circumscribed authority to review under ORS 138.105(9), we have identified no arguably meritorious issues. *See State v. Neill*, 324 Or App 608, 609, 526 P3d 1221, *rev den*, 371 Or 477 (2023) ("because defendant stipulated to the probation revocation sentence, ORS 138.105(9) precludes our review").

Affirmed.